Curia per
Johnson, J.
This is an action of assumpsit by the indorsee, against the indorser of a promissory note, and the defence is usury. It is assumed on the authority of Packhard and Knight, (3rd M’Cord, 71,) that the maker, against whom a judgment had been obtained on tbe same note, at the suit of this plaintiff, is a competent witness at common law to prove the fact of usury. In addition to this, and in affirmance of the right of the maker to be sworn by the rules of the common law,-it was stated that the defendant had released the drawer, Wharton, and the question now is, whether the plaintiff can be permitted, under the act against usury, to contradict, on oath, what the drawer, Wharton, offered to swear as to the fact of usury. The aet provides that, in all actions founded on usurious contracts, “ ithe borrower or party to such usurious bond, specialty, contract, or agreement, &c. shall be; and is hereby declared to be a good and *399 sufficient witness in law to give evidence of such offence against this act, any law, usage, or custom, to the contrary, in any wise, notwithstanding. Provided, that if the person against whom such evidence is offered will deny in open Court, upon oath administered, the truth of what such evidence offers to swear against him, then such witness shall not be sworn.”
All the rules which have been laid down for the interpretation of statutes are concentered in the great leading rule, that the intention of the legislature must be preserved, and to which all others are mere auxiliaries leading to that result. Amongst those of this character, that which directs us in cases of doubtful construction to look to the old law, the evil and the remedy provided by the new law, is most likely to lead us to a correct conclusion. ■ Apart from any thing contained in the act itself, it must be familiar to ever one, having any knowledge of the' science of the law, or conversant with the practice of the Courts, that by the rules of the common law, no one who is a party to a suit, or who had a direct pecuniary interest in the event, is a competent witness. Thus stood the old law. The act against usury, as if it was intended to guard against the possibility of mistaking the evil against which it was intended to guard, has pointed it out in the most explicit terms, it recites that, “ whereas, it is to be feared that evil and wicked minded persons, for the sake of lucre and unjust gain, will often exact and take greater usury and higher rates of interest from necessitous persons than is allowed by this act, in hopes that their offen-ces against this act may not be discovered for want of proof, as such transactions will be generally carried on when only the borrower and lender are present together, for remedy whereof,” &c. And the remedy provided, as before shown, is that the borrower shall be a competent witness to prove the usury, unless the lender will contra- *400 diet, on oath, the facts to which he offers to swear, any law, usage, or custom, to the contrary notwithstanding. I have laboured without effect to substitute other words than those contained in the act to convey the idea that the legislature intended to alter the common law, no further than to let in the borrower as a witness, or to purge the conscience oí the lender, where proof of the fact of usury could not be given according to the rule of the common law. It certainly never could have been intended to let in the lender to disprove the usury in all cases, indiscriminately. The whole act breathes a spirit of hostility towards it as a crying evil, and it was not necessary as a protection to the borrower, or for tbe suppression of the evil, that the parties to the contract should be let in as witnesses, when other evidence was in their power. It is impossible, then, that it could have been intended to operate in any other case than that in which, by the rules of the common law, the borrower was excluded, because, in every other case, it would have been useless. In the case under consideration, the borrower, Wharton, was a competent witness at common law to prove tbe usury, and according, to this construction the plaintiff (the lender) ought not to have been permitted to be sworn to contradict him. It has been urged upon the Court with a laudable zeal, that the effect of such a construction would, in its operation, put the lender entirely in the power of the borrower, by furnishing tbe latter with a facility and temptation to purjury ; but in weighing arguments ab inconvenienti, we ought to look to all the consequences. The very foundation of the rule for admitting the maker as a witness by the common law, is, that he has no pecuniary interest in the event of the particular case, nor can the record in any event he given in evidence against him. It is not so with the plaintiff. TTis interest is necessarily immediate and direct, — - *401 Consequently, the temptation to perjury would, in legal contemplation, be the greater. The truth of this conclusion may be illustrated by the case under consideration. If a verdict should be found for defendant, Wharton could not plead that recovery to an action against him as maker, nor would it be evidence against him in an action at the suit of the indorser; but if a verdict was found for the defendant, he would in the first place be responsible for costs, and in the next, he would lose the security which the indorsement furnisher! for the payment of his debt. This argument, carried to the extent contended for, strikes at the foundation of the rule which admits the maker or other party to a note or other contract to be a witness in any case, and would revive that much disputed question which has been put to rest here by the case of Paekhard and Knight; for the same facilities and temptations to perjury, whether it be with a view to personal exemption from liability, or to protect a friend who has indorsed, exists in every ease where he may be a witness at common law; for whether the defence be, that the note was obtained by fraud or duress, or was without consideration, it is equally fatal to the plaintiff’s right to recover, as if it was usurious; and the inducements to involve such transactions in mystery and obscurity are equally great, and all the reasons which would apply in a case of usury, are alike applicable to the cases before noticed.— A new trial is, therefore, ordered.

New trial ordered,